IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FREDERICK A. COLLINS, SR.,** | ) | **CASE NO. 8:11CV40** |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNION PACIFIC RAILROAD COMPANY,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion for Attorney Fees (Filing No. 12) in which the Defendant Union Pacific Railroad Company ("Union Pacific") seeks attorney fees for time spent responding to the Plaintiff's Motion to Remand (Filing No. 11). The Court denied the Motion to Remand in its Order of April 14, 2011 (Filing No. 23), noting that the Motion was frivolous, and gave the Plaintiff Frederick A. Collins, Sr. ("Collins") an opportunity to respond to the request for attorney fees. In Collins's Brief in Opposition to Motion for Attorney Fees (Filing No. 24) Collins asserts that the Motion to Remand was filed "without malice and without reason to cause delay in the proceedings." (*Id*. at 3.)

Union Pacific seeks attorney fees under 28 U.S.C. § 1447(c), that provides in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Union Pacific argues that the "same reasoning supports an award of attorney fees to a defendant who is forced to defend a meritless motion for remand." (Filing No. 12 at 4.) Union Pacific also suggests that its request could be granted through Federal Rule of Civil Procedure 11. (*Id.*, n.2.)

In *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995), the Court of Appeals reversed a district court that awarded attorney fees to a defendant who opposed a motion to remand:

> Where the removal was proper but plaintiffs take action subsequent to removal to precipitate remand, the expense of opposing remand would not have been incurred absent the removal. That expense, however, is proximately caused by the plaintiffs' subsequent action rather than by the removal itself. Such an expense, therefore, is not "a result of the removal," and therefore is not authorized under section 1447(c).

Similarly, in *Rubio v. McAnally Ent., L.L.C.,* 374 F. Supp, 2d 1052, 1054 (D.N.M. 2005), the court said: "Section 1447(c) permits a court to award attorneys' fees when a case is remanded and by its terms does not permit an award of fees when removal is proper."

Rule 11(c) permits a court to award attorney fees when a motion is presented in violation of Rule 11(b), *i.e*., for an improper purpose, such as "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" or when legal contentions are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(b)(1) & (2). Although Collins's argument in support of his Motion to Remand was not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," the Court will not impose sanctions under Rule 11(c). Union Pacific's Motion was not presented through the procedure prescribed by Rule 11(c)(2), and the Court will not exercise its discretion under Rule 11 to impose sanctions on its own initiative.

Accordingly,

IT IS ORDERED that the Defendant Union Pacific Railroad Company's Motion for Attorney Fees (Filing No. 12) is denied.

DATED this 26th day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge